Opinion of the court delivered by
Judge Catron.
At the June term of the Davidson circuit court, the Treasurer moved against the plaintiffs in error, for judgment, as the securities of James Mallary, sheriff of Stuart county, upon the bond given by the sheriff and his securities, on his appointment by Stuart county court, at May sessions 1821, for the collection of the state tax for said county. Judgment was rendered for $¡551 55, and costs, against the securities and the sheriff, pursuant to the acts of 1797, ch. 2, sec. 20; Oct. 1799, ch. 16, sec. 2; 1803, ch. 3, sec. 19, and the act of 1804, ch, 11, sec. 3, autbo- *150 rizing ihc treasurer to cause the judgment to be entered up iu the name of the Governor, in the district court where 'the trcasuiics are kept. Ey none of these acts is notice required, nor was any given in this case.
The securities applied for and obtained a supersedeas, and at the next term of the circuit court, moved for a writ of error coram vobis, which was granted; and got leave to assign error in fact, by the 2d of which they set forth and allege; “That the pretended bond, upon which the judgment was rendered, at the time they signed, sealed and delivered the same, was a blank piece of paper, not filled up, and has since been filled up without re-delivery; and so they say the same is not their act and deed” — concluding as an ordinary plea of non est factum. To this plea the attorney for the government demurred, in which the plaintiffs joined — the demurrer was overruled and judgment given for the securities, from which the treasurer appealed to this court. The mode of proceeding in this cause is the correct course in such cases. 2 Ba. Ab. 484, 487-8. Walker et. al. vs. Stokie, Carthew 367; Sheepshanks and ux. vs. Lucas, 1 Burr. 410. No regular writ of error appears in this record. Still, to the practice pursued in the circuit court, no serious objection presents itself. It is to be regretted that this mode of proceeding is not more resorted to, and better understood. See Viner title Error, 540, 550.
The principal difficulty presented in this cause, grew out of the statutes of 1794, ch. 4, sec. 3; 1787, ch. 2, sec. 18; 1803, ch. 3, sec. 7, which provide that the sheriff’s bond shall be recorded in the county court, and the original transmitted to the treasurer. Whether this bond was a record, which could not be averred against, is the difficulty; we find, however, that this mode of proceeding by assigning errors in fact is applicable to records made through mistake &c. (9 Tiner’s Ab. 534 pi. 10,) and which are uniformly assigned where the judgment is rendered upon which the execution issues.
We believe the present plea, in form and substance a good plea of non est factum, and therefore, feel ourselves *151 bound to affirm the judgment. That the clerk who took the bond grossly neglected his duty is very certain if the plea he true; that he is liable for the default and injury to the State is probable.